**STREVEY v WILLIAMS et**

Ohio Appeals, 2nd Dist, Fayette Co

No 246. Decided Dec 27, 1940

R. M. Winegardner, Columbus; Willard C. Walter, Chillicothe, for plaintiff.

E. L. Bush, Washington C. H., for defendants.

## OPINION

By GEIGER, J.

This cause had its inception in the Probate Court of Fayette County, Ohio.

On November 27, 1939, an application for declaratory judgment was filed in the Probate Court by Susie McDill Strevey under favor of §12102-1 et seq. She recites that she is one of the heirs at law of John Williams, deceased, who died testate and whose will was properly admitted to probate. She recites the fact that he left a widow who has since deceased and five children of whom the applicant (plaintiff) is one. The will is as follows:

"Jeffersonville, Ohio,
January 24, 1919.

Will of John Williams

Item 1. It is my will and desire that all my just debts shall be paid.

Item 2. After the payment of such debts, if any. It is my will that all of my property both real and personal. I hereby give in fee simple to my wife Elizabeth Williams to have and to hold during her natural life.

his<br/>
John   X   Williams<br/>
mark

Witnesses
W. C. Coil
Guy L. Carr."

It is stated in the application that Elizabeth Williams, under the terms of the will, received and acquired during her lifetime certain real estate and chattel property, the latter largely consisting of a modest bank account in several banks in a joint account in the name of husband and wife. The real estate consisted of a one-half interest in 18.33 acres of land located in Fayette County in the joint names of John and Elizabeth Williams.

It is alleged that this property was sold at private sale by George W. Williams, as executor of the estate of Elizabeth for $1200, $600.00 of which represented the one-half interest of John.

It is also asserted that Elizabeth Williams died testate a resident of Fayette County; that George W. Williams was appointed her executor; that at the time George W. Williams, the executor of the estate of John Williams, filed his first account all the above mentioned property was taken into the possession of the widow and held by her until her decease on April 15, 1939.

It is stated that Elizabeth, the widow of John, by her last will and testament has attempted to devise the real estate and personal property to certain devisees. The applicant (plaintiff) further says that she is an heir of John Williams and as such is entitled to a one-fifth share of all the real estate and personal property owned by said John at the time of his decease on April 29, 1933, after the death of the life tenant, Elizabeth. Applicant (plaintiff) prays for declaratory judgment in the particulars specified.

The will of Elizabeth Williams is attached. This provides for the sale of the real estate and the division of its

proceeds together with the money as provided in the will, being one-third to George W. Williams and two-thirds to three other children. By the fifth Item she gives to Susan McDill Strevey one ($1.00) dollar.

Mrs. Strevey claims that as an heir of John Williams she is entitled to a full one-fifth of the estate of John.

George W. Williams as executor of the estate of Elizabeth Williams individually demurred to the petition for the reason that the same does not state facts to show a cause of action or to entitle the plaintiff to the relief prayed for.

On February 21, 1940, the cause came on to be heard upon the demurrer. The entry shows that the Court finds that under the will of John Williams his widow, Elizabeth, received a fee simple estate in his property and that the plaintiff under the facts alleged, has no cause of action against the defendant and the Court therefore sustains the demurrer.

"And thereupon the plaintiff not desiring to plead further, it is considered by the Court that the defendants go hence without day and recover from the plaintiff their costs herein expended, to which finding and judgment the plaintiff excepts."

A carefully considered opinion by the Court on the demurrer is filed.

The claim of the appellants and the appellee present a very interesting question, but before we may consider the same we must determine whether or not the matter is before us. We have made no mention of a notice of appeal and we do not find it referred to in the transcript, neither do we find it among the papers. We, therefore, must assume, until otherwise advised, that no notice of appeal has been filed.

Sec. 12223-5 GC provides that the notice of appeal shall designate the order, judgment or decree appealed from and whether the appeal shall be on questions of law or of law and fact.

Sec. 12223-27 GC provides that a judgment rendered by a Probate Court may be reversed, vacated or modified upon an appeal on questions of law by the Court of Appeals having jurisdiction.

Giving notice of appeal is jurisdictional and is a necessary prerequisite to the consideration by this Court of the judgment appealed from. Unless we discover a notice of appeal given within proper time, we have no jurisdiction of the cause except of our own motion to dismiss the appeal. Should this necessary preliminary step be shown to have been taken, we will consider the case as presented but until that is done, we are powerless.

Appeal dismissed. Cause remanded.

HORNBECK, PJ., & BARNES, J, concur.