## HOMESTEAD LOAN & SAVINGS ASSOCIATION v LOWE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1706.  Decided  Aug  4,  1941

Sheridan & McCarthy, Dayton, for plaintiff-appellee and for the motion.

C. J. Graham, Dayton, and J. H. Patricoff, Dayton, for defendant-appellant and contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that the notice of appeal from the judgment of the Municipal Court of the city of Dayton, Ohio, was not filed within the statutory period of 20 days as required by law.

The notice of appeal to this court is to the effect that it is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County, Ohio, refusing to review a former finding, order and judgment of the Municipal Court of the city of Dayton, Ohio.  The judgment of the Common Pleas Court dismissing the appeal to that court from the Municipal court was based upon the grounds of the motion now submitted here.

The original action was for rental claimed to be due the plaintiff from the defendant in the amount of $36.00 and in forcible detainer of certain real estate in the city of Dayton.

It will be necessary to an appreciation of the question presented that the pertinent docket and journal entries and notice of appeal in the case in the Municipal Court and in the Common Pleas Court be set forth chronologically.

The first entry appearing in the transcript of the docket entries of the

Municipal Court is not dated but, presumably, was entered July 31, 1940. It is certain that it was not entered later than that date. It finds due the plaintiff from the defendant the sum of $36.00 with interest and further,

"This matter coming on further to be heard upon the motion of defendant for an order to vacate, set aside, and hold for naught the former finding of this court and for a new trial, upon consideration thereof, this court finds said motion is not well taken and does hereby overrule same, to all of which defendant by her counsel excepts. It is therefore ordered, adjudged and decreed by the court that The Homestead Loan & Savings Association, a corporation of Dayton, Ohio, be awarded a judgment against the defendant, Loretta Lowe, for the sum of thirty-six dollars ($36.00) together with interest thereon at the rate of six per centum (6%) per annum, from the seventeenth day of June, 1940, together with plaintiff's costs in this action, and **restitution of premises.**" (Emphasis ours).

July 31, 1940 Prec. filed—Writ of Restitution issued.
August 8, 1940 Appeal Bond filed. Not approved.
August 8, 1940 Appeal Bond fixed at $200.00.
August 14, 1940 Writ of Restitution returned endorsed, time expired.
August 13, 1940 Decision on deft's motion—overruled.
August 14, 1940 Prec. filed—Alias Writ of Restitution issued.
August 14, 1940 Motion of Deft. for new trial overruled.
August 27, 1940 Writ of Restitution, returned endorsed by order of plaintiff's attorney.

This includes all of the entries and papers filed in the Municipal Court according to the certificate of the Clerk of that court up to the time of the filing of what was designated as the "Petition in Error" in the Common Pleas Court and the notice of appeal in that court, both of date August 22, 1940. None of the journal entries heretofore set forth as having been filed in the Municipal Court appear to have been filed in the Common Pleas Court until after the judgment of dismissal in that court. In the Common Pleas Court an appeal bond was filed on August 22, motion and memo filed by defendant September 17, 1940 and on June 27, 1941, an entry was filed sustaining the motion of the defendant in error to dismiss the appeal, said entry reciting as a reason, therefor, that the notice of appeal from the finding and judgment entry in the Municipal Court as of date, July 31, 1940, was filed on August 22, 1940, not being within the time as required by statute.

It is urged by appellant that the notice of appeal to the Common Pleas Court was within time because filed within 20 days after the overruling of a motion for new trial filed as of date, August 14, 1940. An examination of that which is before us from the Municipal Court is convincing that there was nothing upon which the motion for a new trial of date mentioned in the entry of August 14, 1940, could operate because the entry, presumably of July 31, 1940, was not only a judgment entry but recited the filing of the motion for new trial prior to said entry, its consideration by the court and action thereon overruling it. So that, the so-called decision overruling the motion for new trial of date, August 14, 1940, could not have the effect of extending the time within which the notice of appeal was required to be filed under the statute.

The only notice of appeal from the Municipal Court which is found among the papers is dated more than 20 days after the final judgment of that court and after the overruling of the motion for new trial directed to the finding upon which said judgment was predicated. The notice, therefore, was filed beyond the permissible time fixed by statute, §12223-7 GC, and the Common Pleas Court was correct in so determining and its judgment must, therefore, be affirmed.

We do not know how the Common Pleas Court properly had before it the information upon which it acted in dismissing the appeal because, insofar as we can learn from the original papers in the case, no transcript of docket and journal entries was on file in the Common Pleas Court at the time when that court acted upon the motion to dismiss. It may be that counsel for the parties, by agreement, informed the Common Pleas Court of the facts and dates upon which the decision on the motion to dismiss was based.

The motion to dismiss clearly should be sustained upon another ground which was made the subject of the motion to dismiss in the Common Pleas Court, namely, that the plaintiff in error "has failed to file a written notice of appeal with the Municipal Court of the city of Dayton as required by §12223-4 GC." An examination of the notice of appeal directed to the judgment of the Municipal Court discloses that it was at no time filed with the Municipal Court but instead, was filed in the Common Pleas Court. The statute §12223-4 GC is explicit to effect that "the appeal shall be deemed perfected when written notice of appeal shall be filed with the **lower** court, * * * ." This is a jurisdictional requirement and filing of the notice in any other court will not meet the requisites of the statute. So that, even though there was merit in the claim that the overruling of the motion for new trial by the Municipal Court of date, August 14, 1940, fixed the beginning of time within which the notice of appeal could be filed, this would not operate to validate the appeal inasmuch as no notice of appeal was filed in the proper court.

We make the observation that the appeal from the Municipal Court to the Common Pleas Court was controlled by §12223-4 GC with the knowledge that the jurisdiction of the Municipal Court of Dayton in forcible entry or detainer cases is especially conferred by §1579-51a(8) GC and that §1579-71 GC provides for proceedings in error to the Common Pleas Court from a judgment or order of the Municipal Court, but this section is now merged in and controlled by §12223-1 (2),

" 'The appeal on questions of law' shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as **proceedings in error."** (Emphasis ours).

**Sec. 10459 GC** providing for an appeal to the Common Pleas Court on questions of law from a judgment or order in forcible entry or detainer cases had application only to appeals from Justice of the Peace Courts but such an appeal may be had only by leave of the Common Pleas Court or a Judge thereof or in the absence of such Judge from the county by the Judge of the Probate Court therein.

The motion to dismiss the appeal will be sustained on the specific ground therein set forth and upon the further ground stated in this opinion.

BARNES & HORNBECK, JJ., concur.
GEIGER, PJ., not participating.