## BARTLETT, Plaintiff-Appellee, v. SNOUFFER, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3873.   Decided December 17, 1945.

Wm. Harvey Jones, Columbus, for plaintiff-appellee.

J. Paul McNamara and Paul R. Gingher, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

Submitted on motion of the plaintiff-appellee to dismiss the appeal herein for the reason that the defendant has not perfected his appeal in the manner provided by the Appellate Procedure Act, **Sections 12223, et seq.**, in that he has failed to file notice of appeal with the trial court and with the court to which the original appeal was made, to wit, the Common Pleas Court of Franklin County, Ohio.

The action was one in forcible entry and detainer, filed in the Justice's Court of Sharon Township, Franklin County, Ohio. Judgment was rendered for the plaintiff on the 31st day of August, 1945. The defendant-appellant undertook to appeal on questions of law to the Court of Common Pleas, but filed no notice of appeal in the Justice's Court or in the Common Pleas Court, but applied to and obtained from the Common Pleas Court "leave to file" his appeal in that court under the provisions of §10459 GC. It was the contention of the defendant that such leave to file gave the Court of Common Pleas complete jurisdiction to hear the appeal on its merits and that it was not necessary to file notice of appeal either in the Justice's or the Common Pleas Court.

A similar motion to dismiss the appeal in the Common Pleas Court on the same ground as is urged in this motion was sustained.

We are of the opinion that this Court has no jurisdiction of this appeal because it has not been perfected in the manner provided in §§12223-4 and 12223-7 GC. Sec. 12223-4 provides:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

In order to perfect the appeal it was necessary to obtain leave to file the appeal in the Common Pleas Court under §10459 GC and also to file the notice of appeal in the Justice's Court as well as in the Court of Common Pleas. Since the latter two notices were not filed, §12223-4 GC, was not complied with and the Court of Common Pleas acquired

no jurisdiction. See **State v Board, 142 Oh St, 107; Loos v Railway Co., 134 Oh St 321; Strabey v Williams, 33 Abs., 266.**

The case of **Homestead Loan and Savings Assn. v Lowe, 35 Abs., 40,** decided by this Court, was an appeal from the judgment of the Municipal Court in a forcible entry and detainer case. There was no notice of appeal filed in the Municipal Court, but there was a petition in error and notice of appeal filed in the Common Pleas Court. Here the Court said:

"An examination of the notice of appeal directed to the judgment of the Municipal Court discloses that it was at no time filed with the Municipal Court, but instead was filed in the Common Pleas Court. The statute, §12223-4 GC, is explicit to the effect that 'the appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court * *'. This is a jurisdictional requirement and the filing of the notice in any other court will not meet the requirements of the statute."

The defendant is opposing this motion for the reason that it is not claimed that there is any defect in the proceedings by which he perfected the appeal from the Common Pleas Court to this Court, and therefore the motion to dismiss this appeal is without merit. We cannot agree with this view of the defendant, but are of the opinion that the motion is in order. The question of jurisdiction may be raised at any time. By not complying with §12223-4 GC, jurisdiction was never conferred upon the Common Pleas Court and likewise it cannot be conferred upon this Court.

For the foregoing reasons the motion to dismiss the appeal is sustained.

HORNBECK, P. J., MILLER and WISEMAN, JJ., concur.

## APPLICATION FOR REHEARING

Decided January 7, 1946.

BY THE COURT:

The application for rehearing is denied.

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.