PERRY, APPELLANT, *v.* BASKEY, APPELLEE.

(No. 473—Decided July 2, 1951.)

*Messrs. Culbert, Hyzer & Culbert* and *Mr. Leo W. Kenny,* for appellant.

*Messrs. Stahl, Stahl & Stahl,* for appellee.

FESS, J. Appellee moves to dismiss this appeal because of the failure of the appellant to file a written notice of appeal in the Common Pleas Court as provided by Section 12223-4, General Code. Appellant moves for leave to amend the notice of appeal by striking the first line of the caption, "In the Court of Appeals of Sandusky County," and inserting, "In the Court of Common Pleas of Sandusky County, Ohio."

The notice of appeal is captioned for filing in the Court of Appeals and bears the clerk's filing stamp in the Court of Appeals. It bears the Common Pleas Court number as well as the Court of Appeals number and recites:

"Appellant hereby gives notice of his appeal on questions of law to the Court of Appeals for Sandusky county, Ohio, *from the final order and judgment made and entered herein on the 9th day of March, 1951.*" (Italics supplied.)

Receipt of a copy of the notice was acknowledged by counsel for the appellee on March 24, 1951, the same day it was filed.

The praecipe is captioned for and was filed in the Court of Common Pleas on March 24, 1951.

At the hearing on the motions, it appears that one of counsel for appellant wrote out the notice and praecipe and handed the draft to his stenographer for copying. In his longhand draft of the notice, the caption recited the Court of Appeals. The error was not discovered until after the briefs on the merits were prepared.

It is apparent that the notice was captioned and stamped "filed" in the Court of Appeals by reason of the mistake of counsel, and it is obvious that the notice was intended to be filed in the trial court. It referred to the judgment entered in the trial court.

In view of the erroneous filing of the notice in the Court of Appeals, does this court have jurisdiction to consider the appeal?

Under Section 11564, General Code, the decisions are uniform that the Court of Appeals may not consider a bill of exceptions which has not been filed within the 40-day period, although the appeal will not be dismissed upon that ground. In the absence of a record disclosing error, the judgment must be affirmed. *Tenesy* v. *City of Cleveland,* 133 Ohio St., 251, 13 N. E. (2d), 122.

Under Section 12223-7, General Code, the filing of the notice of appeal within 20 days is a jurisdictional prerequisite. Section 12223-4, General Code, provides that an appeal is deemed perfected when written notice is filed with the lower court. In cases where an appeal has been perfected by the timely filing of notice in the lower court, the Supreme Court of Ohio has been exceedingly liberal in refusing to approve the dismissal of an appeal on technical grounds. *In re Guardianship of Wisner,* 148 Ohio St., 31, 72 N. E. (2d), 751; *Loos* v. *Wheeling & Lake Erie Ry. Co.,* 134 Ohio

St., 321, 16 N. E. (2d), 467; *Bennett* v. *Bennett,* 134 Ohio St., 330, 16 N. E. (2d), 474; *Capital Loan & Savings Co.* v. *Biery,* 134 Ohio St., 333, 16 N. E. (2d), 450; *Couk* v. *Ocean Accident & Guarantee Corp., Ltd.,* 138 Ohio St., 110, 33 N. E. (2d), 9; *Mosey* v. *Hiestand, Trustee,* 138 Ohio St., 249, 34 N. E. (2d), 210; *Meyer* v. *Meyer,* 153 Ohio St., 408, 91 N. E. (2d), 892.

In *State, ex rel. Curran,* v. *Brookes, Jr.,* 142 Ohio St., 107, the Supreme Court held, as shown by the seventh paragraph of the syllabus:

"The filing of notice of appeal, in the court from which the appeal is taken, within the time prescribed by law, is the only jurisdictional step necessary to perfect an appeal and where such notice is not filed within such time the reviewing court is without jurisdiction to consider the appeal."

In the *Brookes case,* the notice was filed in the lower court more than 20 days after the decision was rendered.

In *Bartlett* v. *Snouffer,* 78 Ohio App., 384, 64 N. E. (2d), 848, leave to file an appeal from a justice of the peace was obtained from the Common Pleas Court, but no notice of appeal was filed in the justice court. A motion to dismiss the appeal from the Common Pleas Court to the Court of Appeals was granted on the ground that jurisdiction was not conferred upon the Common Pleas Court.

In the instant case, through error or mistake of counsel, the notice of appeal was filed in the right church but in the wrong pew. It was filed in time with the clerk of the court, who acts as clerk of both courts. It was obviously intended to be filed in the Common Pleas Court. The praecipe was captioned for and filed in the lower court.

The provisions of the Appellate Procedure Act must be liberally construed in order to promote their ob-

jects and assist the parties in obtaining substantial justice, as enjoined by Section 10214, General Code. *In re Wisner, supra.* As in the *Wisner case,* in this spirit of liberal construction of procedural matters we find that the notice of appeal, as filed by the appellant in this court and intended to be filed in the Common Pleas Court, accomplished the purpose of a notice of appeal.

The application of the appellant for leave to amend the caption of the notice is granted and the clerk of this court is directed to refile the notice in the Common Pleas Court as of March 24, 1951.

The motion to dismiss is therefore overruled and the cause continued for hearing on the merits.

*Motion overruled.*

CARPENTER and CONN, JJ., concur.