## SLOTHOWER et, Plaintiffs-Appellants, v. DAYTON POWER AND LIGHT COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2360. Decided December 27, 1956.

314

Sharts, Singer & Brown, Dayton, By Robert M. Brown, of Counsel, for plaintiffs-appellants.

Roy D. Boucher, Dayton, for defendant-appellee.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from the judgment of the

Common Pleas Court of Montgomery County, Ohio, sustaining .defendant's motion for judgment on the pleadings as to the plaintiffs' fourth cause of action in their third amended petition.

To the plaintiffs' third amended petition the defendant filed an answer by way of general denial, and a cross-petition. To the cross-petition the plaintiffs filed a reply in the nature of a general denial. Later defendant company filed a motion for judgment on the pleadings with respect to the plaintiffs' fourth cause of action, which was sustained. The court granted plaintiffs leave to file a fourth amended petition. From this order an appeal was taken to this Court. Finding that the order was not a final order from which an appeal could be taken, the plaintiffs elected not to plead further and judgment was rendered in favor of the defendant on the plaintiffs' fourth cause of action. From that order this appeal was taken.

The first question presented involves a procedural matter. By answering, the defendant waived any right to file a demurrer. **Vol. 31, O. Jur., Sec. 125, pages 684, 685.** However, the filing of an answer and cross-petition did not deprive the defendant of the right to file a motion for judgment on the pleadings. While a motion for judgment on the pleadings raises a question of law only, it can not be sustained where there are essential questions of fact placed in issue by the pleadings. However, if the petition is defective in that it fails to allege an essential element, the judgment on the pleadings may be sustained even though certain questions of fact are controverted. The fourth cause of action is based on the provisions of §§9334, 9335 and 9336 GC (now §4933.17 R. C.). The first and second causes of action were for damages based on breach of contract for failure of the defendant company to furnish to the plaintiffs gas and electric service. The third cause of action was for damages for refusal to furnish the plaintiffs such services with respect to another property. The fourth cause of action stated that the plaintiffs "reiterate the facts set forth in the first, second and third causes of action as if here repeated." Plaintiffs further allege that they are freeholders and financially responsible in an amount sufficient to secure the payment of all bills for services furnished them for at least sixty days; that defendant company required the plaintiffs, before furnishing the service, to make a cash deposit of $10.00; that said deposits have been retained by defendant and that the defendant demands of plaintiffs the payment of unpaid bills for electric and gas service in the amount of $436.07. The plaintiffs pray for treble damages on their first, second and third cause of action under the provisions of §614-68 GC, and on their fourth cause of action pray for a forfeiture of all claim for payments for all electric and gas services furnished by the defendant to the plaintiffs under the provisions of §§9334, 9335 and 9336 GC, and for a temporary and permanent injunction against the further deprivation of services.

To the petition the defendant filed a general denial and in its cross-petition prayed for a judgment in the sum of $449.38 on unpaid gas and electric bills for services furnished to the plaintiffs.

While the incorporation by reference of the allegations in the first, second and third causes of action into the fourth cause of action did not strictly comply with the provisions of §11331 GC, we are disposed to give the pleadings a liberal construction "with a view to substantial justice." Sec. 11345 GC.

Giving the allegations in the first, second and third causes of action, incorporated by reference in the fourth cause of action, their full legal effect, such allegations do not strengthen the fourth cause of action with respect to the principal question at issue. However, the allegations in the fourth cause of action place the plaintiffs squarely within the provisions of §9334 GC et seq. Sec. 9334 GC, in part provides:

"No person, firm or corporation engaged in the business of furnishing gas, water or electricity to consumers of such products, shall demand or require a consumer to deposit cash in any sum whatever as security for the payment of any bills for such commodity to be so furnished, if the proposed consumer be a freeholder who is financially responsible or a person who is able to give a reasonably safe guaranty in an amount sufficient to secure the payment of bills for sixty days' supply."

Sec. 9335 GC, provides:

"The making of any rule, regulation or requirement in conflict with any of the provisions of the preceding section, is strictly forbidden, and hereby declared to be unlawful."

Sec. 9336 GC, provides:

"Any person, firm or corporation violating any of the provisions of the second preceding section, upon **conviction** thereof, shall forfeit all right to collect or receive any sum whatever from such consumer for gas, water or electricity so furnished." (Emphasis ours.)

The suit being instituted in 1948, the provisions of the General Code control.

The lower court sustained the motion for judgment on the pleadings and dismissed the plaintiffs' fourth cause of action on the ground that the plaintiffs failed to allege a "conviction" of defendant company as provided in §9336 GC. The question presented here is: Did the legislature intend in the enactment of this section and the use of the word "conviction" to refer to a criminal proceeding, or simply a civil forfeiture? The appellee contends that the word "conviction," as used in this section, is a technical term and refers to a judgment of guilty in a criminal proceeding. The appellants contend that the word "conviction" as used in this section refers to a civil forfeiture of the right of the defendant company "to collect or receive any sum whatever from such consumer for gas, water or electricity so furnished." It is to be noted that §9336 GC, refers to a violation of any of the provisions of §9334 GC. We find no other related sections applicable to the situation presented here. The appellants contend that there is no penal section in the General Code making a violation of §9334 GC, a criminal offense. There is no procedure provided in the sections mentioned for the prosecution of a defendant for such violation. While it is true that the word "conviction" as used in criminal proceedings, and in statutes relative to criminal procedure, refers to a judgment of guilty, the word carries an-

other connotation. Thus it is said in Vol. 18, C. J. S., page 97, that while "the word is intimately bound up with the criminal law, and it has been said that in criminal procedure the word is of equivocal meaning, having both a popular, and a technical legal, signification, the construction not always being uniform, but depending upon an interpretation of the particular law or statute under consideration."

In Vol. 18, C. J. S., page 98, is found this statement:

" 'Conviction' is not necessarily restricted to criminal prosecutions, but in its most extensive sense the term signifies the giving of judgment against a defendant, and will apply to a civil as well as to a criminal action; also a condemnation. In prosecutions for violations of ordinances to recover penalties, the courts have applied the term to persons found guilty in such civil actions."

Also in Vol. 9, Words and Phrases, Permanent Edition, is found a reference to a case from New Jersey involving the regulation of the sale of liquors. The court said, in respect to Davis v. Repp, 75 A. 169, 170, 79 N. J. L. 394, as follows:

"It is not necessary under supplement to P. L. 1906, p. 199, regulating the sale of liquors that the petition for revocation should state that the person complained of had been convicted of the offenses charged; the word 'conviction' as used in the act providing that his license shall thereby upon conviction become forfeited, referring to the forfeiture, and not to the complaint."

A civil action for a forfeiture has some aspects of a criminal proceeding. In **Vol. 19, O. Jur., Section 8, page 209**, is found this statement:

"The line of demarcation between actions for a forfeiture, which are civil actions externally, but criminal in reality, and actions for a like object which are of a purely civil nature, has been said to be plain and unmistakable. If the judgment of forfeiture necessarily carries with it, and as a part of the sentence, a conviction and judgment against the person for the crime committed, the proceeding is one of a criminal character; but where the proceeding does not involve the personal conviction of the wrongdoer for the offense charged, the remedy is plainly one of a civil nature."

The words of Justice Brandeis at page 400, Helverding v. Mitchell, 303 U. S. 391, 58 S. Ct. 630, are appropriate and applicable here:

"Revocation of a privilege voluntarily granted, forfeiture of goods of value, and the payment of fixed or variable sums of money, are sanctions enforceable by civil proceedings and are not essentially criminal and subject to procedural rules governing criminal prosecution."

See also **Hawkins v. Furnace Co., 40 Oh St 507, 514.**

In **Vol. 19, O. Jur., Section 2, page 203**, forfeiture is defined as: "a deprivation or destruction of a right in consequence of the nonperformance of some obligation or condition. * * * a forfeiture may be defined as the divestiture of property without compensation in consequence of some act or omission prohibited by law. Forfeitures, as thus defined, are imposed by way of punishment, not by the mere convention of the parties, but by the law-making power to insure a prescribed

course of conduct." It appears that the legislature, in the enactment of §§9334, 9335 and 9336 GC, was prescribing forfeiture as a punishment against a utility company for its failure to follow a prescribed course of conduct in its dealings with its consumers.

If the legislature intended the defendant company to be first convicted in a criminal proceeding before the user could claim the benefit of §9336 GC, it certainly would have prescribed the procedure and have provided a penalty for the violation. In construing these three sections together, and they are in pari materia, we conclude that what the legislature intended to do was to provide for a forfeiture against the offending company against their right to collect or receive payment for services furnished. This question may be resolved in a civil action such as has been instituted by the plaintiffs. If, upon trial, it is found as a matter of fact that there has been a violation then the court can declare a forfeiture.

Having determined that a good cause of action is stated in the petition, to which the defendant filed an answer in the nature of a general denial which raises certain factual issues, the Court could not sustain a motion for judgment on the pleadings. The lower court committed prejudicial error in sustaining defendant's motion for judgment on the pleadings. Judgment reversed and cause remanded for further proceedings according to law.

HORNBECK, J, concurs.

CONN, J, concurs in the judgment of reversal on the ground that issues of fact are raised on plaintiff's fourth cause of action.

No. 2369. Decided May 2, 1956.

(CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By CONN, J.

The original petition in this case was filed in the common pleas court on November 26, 1948, containing three causes of action, in which plaintiffs claimed damages against defendant in the total amount of $3,000.00, and "triple damages for violation of §614-68 GC."

The pleadings in this case and transcript of the docket and journal entries show an extended and somewhat confused procedural record. In addition to plaintiffs' original petition, they filed successively an amended, second amended and third amended petition. Each of said amended petitions contained the three causes of action set up in the original petition and a fourth cause of action wherein plaintiffs claim that by reason of certain alleged wrongful acts of defendant it had forfeited all claims to payments from plaintiffs of pretended unpaid bills, and praying for a temporary and permanent injunction, in addition to their prayer for money damages.

In their fourth cause of action, plaintiffs incorporated by reference, in each of their amended petitions, the allegations in their first, second and third causes of action.

April 5, 1954, the defendant filed its answer and cross-petition to which plaintiffs filed their answer thereto on April 20, 1954.

Thereafter, on December 29, 1954, and after the issues had been made up on the pleadings, defendant filed its motion for judgment on "plaintiffs' alleged fourth cause of action" of their third amended petition, on the ground that "upon the statements in the pleadings filed herein and for the reason that said alleged fourth cause of action does not constitute a cause of action."

The trial court, on February 25, 1955, sustained defendant's motion for judgment and, on the court's own motion, it found that plaintiffs had failed to comply with a former order of the court, sustaining a demurrer to the same allegations as are now set forth in the fourth cause of action of said third amended petition, and ordered said fourth cause of action stricken. It was further ordered that "plaintiffs may file a fourth amended petition, if they desire."

Thereupon, plaintiffs duly filed their notice of appeal, on questions of law, from the judgment of the trial court, sustaining defendant's motion for "judgment on the pleadings and striking plaintiffs' fourth cause of action from the files."

Thereafter, on October 29, 1955, the record discloses the following judgment was entered by the trial court, to-wit:

"It appearing to the Court that the plaintiffs do not wish to plead further in this matter, and it further appearing that this Court had previously sustained defendant's motion for judgment on the pleadings on plaintiffs' fourth cause of action, it is therefore ordered and adjudged

that plaintiffs' fourth cause of action be and the same hereby is dismissed with judgment to the defendant on plaintiffs' fourth cause of action. To all which plaintiffs, by their counsel, reserve their exceptions."

While the motion of defendant for judgment on the fourth cause of action was sustained by the trial court, at the same time, said fourth cause of action was stricken, on the court's own motion, and leave given to plead further.

Considering this judgment entry as a whole, it appears that there was no final adjudication on the issue raised on plaintiffs' fourth cause of action, and that plaintiffs' appeal therefrom was premature and not taken from a final order.

No appeal having been taken by plaintiffs from the order and judgment of the trial court dismissing plaintiffs' fourth cause of action, with judgment for the defendant thereon, and plaintiffs' notice of appeal not having been taken from a final order, this Court is without jurisdiction to review the judgment of the trial court.

In support of the conclusion we have reached, we call attention to the case of **State, ex rel. Arter v. Donally, 53 Abs 127,** decided February 20, 1948, wherein this Court granted the motion of defendants-appellees to dismiss the appeal of plaintiffs-appellants, taken from the judgment of the trial court "dismissing the petition in mandamus."

It was pointed out in the opinion by the court that up to the date of filing the notice of appeal, to-wit: December 12, 1946, no judgment had been rendered. Subsequently, the trial court rendered judgment for defendants. No notice of appeal from this judgment was filed. We quote from the opinion of the court:

"* * * On December 19, 1946, judgment was rendered for the defendants. No notice of appeal has been filed since the rendition of this judgment.

"**Sec. 12223-7 GC,** provides that the notice of appeal shall be filed within twenty days after journal entry of the final order, judgment or decree. This court held in the case of **Strevey v. Williams, et al., 33 Abs 266:** 'Giving notice of appeal is jurisdictional and is a necessary prerequisite to the consideration of the Court of Appeals of the judgment appealed from. Unless we discover a notice of appeal given within proper time, we have no jurisdiction of the cause except of our own motion to dismiss the appeal.' "

This Court having no jurisdiction to review said final order and judgment, plaintiffs' appeal is dismissed sua sponte. Costs to abide final judgment.

HORNBECK, PJ, DEEDS, J, concur.