MINARIK, APPELLANT, v. BOARD OF REVIEW, DEPARTMENT
OF STATE PERSONNEL, APPELLEE.*

(No. 6822—Decided June 26, 1962.)

*Messrs. Gurney & Miller*, for appellant.
Mr. *Mark McElroy*, attorney general, Mr. *Walter M. Shea*
and Mr. *John Connors*, for appellee.

BRYANT, J.  George M. Minarik of Cleveland was appointed to a civil service position as a painter by the Cleveland Metropolitan General Hospital effective December 28, 1959, and was fired for alleged insubordination, walking off the job, and using improper language, the order being effective January 18, 1960.

On January 26, 1960, Minarik appealed his dismissal to the State Personnel Board of Review, and a hearing was held by the board on February 24, 1960, at which twelve witnesses gave testimony covering 179 pages.  On April 12, 1960, the board, by letter to Minarik and counsel in the case, affirmed the order of removal.

On April 19, 1960, a copy of a notice of appeal from the order of the State Personnel Board of Review was filed in the

*Motion to ecrtify the record overruled (37830), February 13, 1963.

Cuyahoga County Common Pleas Court. Subsequently, on May 5, 1960, in an entry approved by the Cuyahoga County Common Pleas Court, it was represented that the copy of the notice of appeal was inadvertently filed in the Cuyahoga County Common Pleas Court and an order *nunc pro tunc* was granted transferring the entire file to the Common Pleas Court of Franklin County on the claimed authority of Section 2505.04, Revised Code, and *Perry* v. *Baskey*, 90 Ohio App., 338.

When the case was docketed in the Franklin County Common Pleas Court on or about June 16, 1960, sixty-five days had elapsed from the date of the mailing of the decision by the State Personnel Board of Review. Counsel for the State Personnel Board of Review and for the hospital, on April 13, 1961, filed motions to dismiss, which were sustained by the court below.

It was on June 15, 1961, that the decision or written opinion of Harter, J., was announced, with a journal entry being filed June 27, 1961. Two notices of appeal have been filed. The one filed on June 26, 1961, omitting the heading and caption reads as follows:

"The appellant hereby gives notice of appeal to the Court of Appeals from a judgment rendered by the Court of Common Pleas in the above captioned case on the 15th day of June, 1961.

"Said appeal is on questions of law."

This first notice of appeal was based upon the decision of the court below which was not a final order, and this notice actually was filed one day prior to June 27, 1961, when the journal entry of dismissal was filed. Thereafter, a second notice of appeal was filed on July 11, 1961, which reads in part as follows:

"The appellant hereby gives notice of appeal to the Court of Appeals from a judgment rendered by the Court of Common Pleas in the above captioned case on the 27th day of June, 1961.

"Said appeal is on questions of law."

The opinion in the court below by Harter, J., held that the notice of appeal from the State Personnel Board of Review should have been filed within fifteen days after the date it was mailed in the Common Pleas Court of the proper county, that the Cuyahoga County Common Pleas Court had no authority

by order *nunc pro tunc*, or otherwise, to order the papers refiled as of an earlier date in Franklin County Court of Common Pleas, and that the notice of appeal was filed forty days too late in the Franklin County Common Pleas Court. The opinion by Harter, J., reads in part as follows:

"Under date of April 12, 1960, the Ohio State Personnel Board of Review notified this appellant, George M. Minarik, by mailing a letter to him that it had affirmed his order of removal from his position at the Cleveland Metropolitan Hospital.

"The appellant then had the right, under Section 119.12, Revised Code of Ohio, to appeal to this Common Pleas Court of Franklin County 'within 15 days after the mailing of the notice of the agency's order * * *.'

"Actually, nothing was filed in this court until June 16, 1960—sixty-five (65) days after the mailing.

"As an excuse for this late filing, counsel for the appellant contends that the notice of appeal was filed mistakenly in the Common Pleas Court of Cuyahoga County on April 19, 1960 (which would have been in time had it been in the proper court). By a most unusual journal entry, signed by Saul S. Danaceau, Judge of the Cuyahoga County Common Pleas Court, the Cuyahoga County Common Pleas Court purportedly ordered the case, and the papers filed therein, be filed with the Clerk of the Common Pleas Court of Franklin County 'and that the said filing * * * relate back to the nineteenth day of April, 1960, nunc pro tunc.' A copy of that journal entry was filed in our court June 16, 1960.

"In our opinion, it is crystal clear that the Cuyahoga County Common Pleas Court was without power to grant the order just referred to, and our court is utterly without power to entertain this appeal. We have only the jurisdiction granted us by statute. Counsel agreed at the oral argument of this case (and we hold) that Section 119.12, Revised Code of Ohio, is the only applicable statute. Since there was obviously no timely compliance with that statute, we simply have no power to act, and we *must* dismiss the appeal.

"Section 2506.01, Revised Code of Ohio, has no application, direct or indirect. Further, the case of *Perry* v. *Baskey* (San-

dusky C. of A. 1951), 90 Ohio Appeals, 338, is clearly distinguishable.''

Section 119.12, Revised Code, provides in part as follows:

''Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.''

Careful examination of the papers allegedly forwarded by the State Personnel Board of Review does not reveal a copy of any notice of appeal, nor does it disclose any certificate or statement from such board that it was forwarding all the original papers, nor is there any certificate of the board giving any authenticity to the transcript or record of testimony. Nor have we been able to find either a copy or the original of the notice of appeal filed with the Clerk of Courts of either Cuyahoga County or Franklin County.

Section 119.12, Revised Code, also provides in part:

''Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. * * *''

We shall expressly refrain from deciding any question with reference to the effect of the filing of the original notice of appeal.

For the reasons above set forth, the errors assigned are not well taken and must be overruled, the judgment of the court below must be affirmed, and the cause remanded.

*Judgment affirmed.*

DUFFEY, P. J., and DUFFY, J., concur.