The State of Ohio, Appellee, *v.* Dench, Appellant.*
The State of Ohio, Appellee, *v.* Candy, Appellant.**

(Nos. 8636 and 8586—Decided August 3, 1959.)

*Mr. C. Watson Hover*, prosecuting attorney, for appellee.
*Mr. William F. Hopkins*, for appellant in case No. 8636.
*Mr. Samuel A. Rubenstein* and *Mr. Robert N. Gorman*, for appellant in case No. 8586.

*Per Curiam.* In the *Dench case*, an appeal was duly filed within thirty days of the overruling of the motion for a new trial. No bill of exceptions was ever filed in this court, either before the expiration of the thirty-day period, or since. We are advised that the trial court, after the notice of appeal was filed, sustained the state's motion to "dismiss" the bill of exceptions on the ground that it had not been filed within the thirty days following the overruling of the motion for a new trial, as shown by the docket and journal entries of the trial court.

On July 17, 1959, Dench moved that this court order filed in this court, at his expense, a full transcript of the evidence taken

---

*See, also, 111 Ohio App., 39.
**For opinion on subsequent motion for leave to appeal, see 113 Ohio App., 334.

in the trial of this case in the Court of Common Pleas, Hamilton County, Ohio.

In the meantime, the state had filed a motion to dismiss the appeal for failing to prosecute by filing briefs and assignment of errors, as required by the rules of this court. This motion has not been expressly ruled upon, but, on appellant's motion the court extended the time for filing briefs and assignment of errors, and they were filed within the extended time.

In the *Candy case*, likewise, the bill of exceptions was not filed in the trial court within the thirty days following the overruling of the motion for a new trial. Later, a "bill of exceptions" was filed in the trial court and was certified and signed by the trial judge. That "bill of exceptions" was filed as one of the original papers in this court. On May 14, 1959, the state filed a motion to strike this "bill of exceptions" from the files on the ground that it was not filed within time as prescribed by Section 2945.65 of the Revised Code and Rule VII C (1) (b) of the Courts of Appeals. That motion is still pending.

On June 5, 1959, each appellant filed a motion in his appeal as of right seeking substantially the same relief, and that is, leave of this court to dismiss his appeal as of right, filed by him within the statutory period, and for leave to appeal after expiration of said period, and for an order fixing the time for filing a bill of exceptions in said appeal by leave.

In the *Dench case*, no affidavits were filed in support of his motion. In the *Candy case*, affidavits were filed, the sufficiency of which we do not stop to consider for a reason which will be apparent in the manner of our disposition of those motions.

The motion in the *Dench case* came on for hearing, and, as a result, we rendered the following opinion:

"This is an appeal filed as a matter of right within thirty days of the entry overruling the motion for a new trial.

"By the motion, now before the court, the appellant is seeking two objectives.

"The first objective is leave of court to withdraw the notice of appeal, which we take to mean to dismiss this appeal which he filed as a matter of right. As to that, he has the right to dismiss his appeal at any time, with or without leave. If he desires

to do so, the court will approve an entry to that effect upon presentation.

"The other objective sought by this motion is leave to appeal. The court overrules this motion, for the following reasons:

"1. Having filed his notice of appeal as a matter of right within the time allowed by law, no leave is necessary. The appeal has been taken already and is now pending. There is no provision in the law for the conversion of an appeal as of right into an appeal instituted in the first instance by the granting of leave to appeal.

"2. There has been no evidence introduced upon which the court could exercise the discretion which is required to determine whether the ends of justice require a review and that there are circumstances that would indicate that an appeal by leave would in some way promote the ends of justice to a greater extent than the appeal already taken.

"3. No showing was made that a valid excuse existed for not filing the notice of appeal within the time allowed and in view of the fact that a notice was actually filed, no valid excuse could be made for such failure.

"For these reasons, the motion is overruled in its entirety."

Later, the motion in the *Candy case* came on for hearing and was argued by counsel, and counsel in the *Dench case* also argued in support of the motion.

Because of the identity of the relief sought by these motions, the court concluded to dispose of them at the same time and in the same opinion.

It would seem that our conclusion and the reasons supporting it should be sufficient to dispose of all these pending motions. In view of the last argument, we concluded to re-examine the conclusion we had previously announced.

It seems that what these appellants by these motions wish to accomplish is to have the court order a complete transcript of the evidence and record of the trial in the lower court, and, without disturbing the appeals now pending, to disregard their pendency and grant leave to appeal.

Appeals in criminal cases are regulated by Chapter 2953 of the Revised Code. By Section 2953.04, Revised Code, it is enacted that:

"Judgments and final orders are reviewed by appeal, instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the appellate court where leave to appeal must be obtained. Upon filing the notice of appeal there shall be filed in the appellate court the transcript and original papers as provided in Section 2953.03 of the Revised Code. It is not necessary to include in the transcript of the record any bill of exceptions or objections, but the original bill of exceptions or objections, may be attached in lieu of the transcript of the record thereof. The court in which the review is sought, by summary process, may compel a more complete record to be furnished, and such original papers to be forwarded. The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal. Within fifteen days thereafter, the appellee shall file its brief. All of such proceedings to review such judgments have precedence over all other cases in said reviewing court, and shall stand for hearing on the trial docket of said court from day to day until heard and submitted. Special statutes regulating appeals in particular cases are not affected by this section."

It will be noted that the appellant is given the option of either having his bill of exceptions copied into the record, and using a certified copy of that, or of attaching the original bill to the record. And the appellate court is given the power to order a more complete record, but this power presupposes that a record had already been filed.

In Chapter 2945, Revised Code, we find the provision relating to bills of exceptions. In Section 2945.65 (125 Ohio Laws, 39), it was provided:

"If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions. If exceptions are taken to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill must contain all the evidence. If the exceptions are other than that the evidence is not sufficient or is contrary to law, the bill

of exceptions need not contain all the evidence, but only so much thereof as is necessary to present properly the alleged errors. In the latter case the Court of Appeals or the Supreme Court may order a full transcript of the evidence if it is necessary to a proper consideration of the case. The court shall fix the time within which such bill of exceptions or objections shall be filed, which in no case shall be more than thirty days from the over-ruling of the motion for a new trial. If a defendant is granted leave to file an appeal under the provisions of Section 2953.05 of the Revised Code, the court shall fix the time within which such bill of exceptions or objections shall be filed, which, in no case, shall be more than thirty days from the order granting such leave.''

As we construe those sections, it was not the intention of the General Assembly to relieve the appellant of his primary duty of furnishing a record which he thinks is sufficient to disclose the error of which he complains. If he has the means, he may choose his own lawyer. If he is indigent, the state will appoint a lawyer.

Upon a consideration of this record, the court finds that a ''more complete record'' would enable it to determine whether prejudicial error had intervened which may require that other parts of the record should be furnished.

It was not the intention of the General Assembly to fill a complete void by ordering a bill of exceptions to and thereby entirely to relieve the appellant from all responsibility in the matter of which he was complaining.

The discretion to be exercised upon a motion for leave to appeal would seem to be a broad discretion based on fundamental justice, having regard not only for the appellant but also for the public. This is indicated by the express require-ment that at least two judges should concur.

In the *Candy* case, it is said that there is a variance between the indictment and the evidence. If this should appear on the motion for leave to appeal, the question would not be whether there was an actual variance, but whether that variance was such as to impose an unjust punishment upon an innocent person. If it appeared that an injustice had been done, then leave to appeal would be granted. If the contrary appeared,

then leave would be denied. Of course, an abuse of discretion would be reviewable.

That the General Assembly has power to regulate procedure on appeal, we have always considered beyond debate. As is said in *State* v. *Nickles*, 159 Ohio St., 353, at 357: "Naturally, in order to expedite justice, the General Assembly must legislate in order that an appellate review may be orderly and without delay, and the General Assembly has the authority to fix the terms upon which the review may be had."

To grant the relief asked for by the motions in these appeals would, in effect, amend the statutes, and would constitute a warning to all future General Assemblies that whatever criminal procedural laws they might enact would contain nullifying provisions without any limitation as to time.

For these reasons, the motions made in these appeals are overruled, without prejudice to the rights of the appellants to institute requests for leave to appeal, whereby every constitutional right of the appellants will be accorded without straining at the limitations upon judicial power.

*Motions overruled.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.