THE STATE OF OHIO, APPELLEE, *v.* SANCHEZ, APPELLANT

[Cite as State v. Sanchez (1970), 22 Ohio App. 2d 145.]

(No. 271—Decided May 27, 1970.)

*Mr. John P. Goldenetz,* for appellee.
*Mr. Rodney M. Arthur,* for appellant.

GUERNSEY, J. This is an appeal from a judgment of the Municipal Court of Defiance finding the defendant guilty of acting in a way tending to cause delinquency in a child and sentencing him therefor. The offense allegedly took place on December 5, 1969, the affidavit being filed and warrant of arrest issued on the same date. The defendant, without counsel, first changed his original plea of not guilty to guilty. On his obtaining counsel, permission of the court was sought to again change the plea to not guilty, and same was refused. Notice of appeal on questions of "law and fact" was filed on December 8, 1969.

The cause came on first to be heard on the motion of appellee to dismiss the appeal, the appellee claiming that (1) the notice of appeal on questions of law and fact was a nullity and, therefore, that notice of appeal was not timely filed, and (2) that no copy of the notice of appeal was served upon the prosecuting attorney as required by Section 2953.06, Revised Code.

Since the only type of appeal permissible in a criminal case is on questions of law, the words "and fact" are merely surplusage, the notice remains valid as a notice of appeal on questions of law, and, as such, it was timely filed. *State* v. *Kenney,* 43 Ohio Law Abs. 63; *Columbus* v. *Holmes,* 107 Ohio App. 391. As the appeal as of right in a criminal case, as well as in most civil cases, is deemed perfected when a notice of appeal is timely filed with the lower court, the requirements of Section 2953.06, Revised Code, that a copy of the notice of appeal be served upon the pros-

ecuting attorney are not jurisdictional and are merely directory. *State* v. *Nickles,* 159 Ohio St. 353. Appellee's motion to dismiss the appeal is, consequently, not well taken.

Before considering the merits of appellant's claim that the trial court abused its discretion in not permitting him to change his plea, we are confronted with a jurisdictional question not raised by the parties.

The crime with which defendant was charged is prohibited by Section 2151.41, Revised Code, and the sentence therefor prescribed by Section 2151.99, Revised Code. In the recent amendments to the Juvenile Court Act adopted by the Legislature effective November 19, 1969, Section 2151.23, Revised Code, was amended to read, in pertinent parts, as follows:

"(A) The Juvenile Court has *exclusive original* jurisdiction under the Revised Code:

" * * * .

"(6) To hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151. of the Revised Code;

" * * * .

"(B) The Juvenile Court has *original* jurisdiction under the Revised Code.

"(1) To hear and determine all cases of misdemeanors charging adults with any act or omission with respect to any child, which act or omission is a violation of any state law or any municipal ordinance;

" * * * ." (Emphasis added.)

Similar pertinent parts of Section 2151.23, before the amendment, were as follows:

"(A) The Juvenile Court has *exclusive original* jurisdiction under the Revised Code:

" * * * .

"(B) Such court has *original* jurisdiction to determine all cases of misdemeanors charging adults:

"(1) With contributing to, encouraging, or tending to cause by any act or omission the delinquency, neglect, or dependency of any child;

"(2) With any act or omission with respect to any

child, which act or omission is a violation of any state law or any municipal ordinance;

" * * * ." (Emphasis added.)

It is obvious from the foregoing that Section 2151.23 (B) (2), as it read before the amendment, was equivalent to Section 2151.23 (B) (1), as it now reads, and that such provisions are general in their application, pertaining to all such offenses not defined by the Juvenile Court Act. It is equally obvious that Section 2151.23(B) (1), as it read before the amendment, and Section 2151.23(A) (6), as it now reads, are special in their application, applying only to those offenses defined by the Juvenile Court Act. It is likewise obvious that by shifting such provision of special application from the *original* jurisdiction of the Juvenile Court to the *exclusive original* jurisdiction thereof, the Legislature intended to deprive all other courts subject to legislative fiat from having jurisdiction to hear and determine any criminal case charging an adult with the violation of any section of Chapter 2151 of the Revised Code.

The jurisdiction of Municipal Courts being defined by and subject to the provisions of statute, it follows, and we conclude, that the Municipal Court of Defiance had no jurisdiction to hear and determine the offense for which the defendant was charged. We note in passing that the record does not affirmatively show that the defendant was an adult, but this silence is not consequential for had he been a child the Municipal Court would likewise have been deprived of jurisdiction.

It is, therefore, ordered that the judgment of the Municipal Court be reversed and vacated and that final judgment be entered discharging the defendant and dismissing the proceedings against him.

*Judgment reversed.*

COLE, P. J., and YOUNGER, J., concur.