[Cite as *In re A.J.F.*, 2018-Ohio-1208.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: A.J.F., DELINQUENT CHILD | : | **MEMORANDUM OPINION** |
| | : | |
| | | **CASE NOS. 2016-L-114** |
| | : | **2016-L-115** |

Appeals from the Lake County Court of Common Pleas, Juvenile Division.
Case Nos. 2015 DL 01878 & 2016 DL 00092.

Judgment: Appeals dismissed.

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee State of Ohio).

*Christopher J. Boeman*, P.O. Box 583, Willoughby, OH 44096 (For Appellant A.J.F.).

TIMOTHY P. CANNON, J.

{¶1}   This matter involves juvenile delinquency complaints brought against appellant, A.J.F., by the Lake County Court of Common Pleas, Juvenile Division, in case Nos. 15 DL 1878 and 16 DL 92.  These cases were never consolidated below.

{¶2}   On December 14, 2015, a delinquency complaint was filed against appellant in case No. 15 DL 1878, charging him with one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor if committed by an adult, and one count of disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor if committed by an adult.  On January 19, 2016, an unrelated delinquency complaint was filed against

appellant in case No. 16 DL 92, charging him with one count of sexual imposition in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor if committed by an adult.

{¶3} Both cases came before the magistrate on June 8, 2016. Pursuant to a plea agreement in case No. 15 DL 1878, appellant entered a plea of "true" to the disorderly conduct count. The magistrate accepted the plea, declared appellant a delinquent child as to the charge of disorderly conduct, and dismissed the assault charge.

{¶4} Appellant pled "not true" to the sexual imposition count in case No. 16 DL 92, and an adjudication hearing was held before the magistrate. Both the state and appellant presented witness testimony, at the conclusion of which the magistrate declared appellant a delinquent child as to the charge of sexual imposition.

{¶5} On June 9, 2016, the Lake County Juvenile Court approved and adopted the magistrate's decisions in both cases.

{¶6} On June 20, 2016, in case No. 15 DL 1878, appellant filed objections to the June 8, 2016 magistrate's decision and a motion for leave to supplement the objections. The motion for leave to supplement was granted. Appellant's trial counsel subsequently filed a motion to correct clerical errors in both cases, as the objections should have been filed under case No. 16 DL 92. The Lake County Juvenile Court denied the motion to correct clerical errors on the basis that service was not perfected on all parties. On July 20, 2016, trial counsel filed a renewed motion to correct clerical errors in both cases, which never received a ruling.

{¶7} On August 9, 2016, appellant filed supplemental objections to the June 8, 2016 magistrate's decision under both case numbers, although the objections only related to the sexual imposition adjudication in case No. 16 DL 92. On August 23, 2016, the Lake

2

County Juvenile Court considered but overruled appellant's objections and supplemental objections and affirmed its June 9, 2016 entry adopting the magistrate's finding of delinquency on the charge of sexual imposition.

{¶8} On September 13, 2016, the Lake County Juvenile Court ordered both cases to be transferred for final disposition to the Geauga County Court of Common Pleas, as appellant was a resident of Geauga County. *See* Juv.R. 11; R.C. 2151.271. Certified copies of all legal and social records pertaining to the Lake County Juvenile Court proceedings were to accompany the transfer. *Id.* The Geauga County Court of Common Pleas was then required to "proceed as if the original complaint had been filed in that court." *Id.*

{¶9} On September 16, 2016, trial counsel filed, in the Lake County Juvenile Court, a motion to withdraw as appellant's counsel and to appoint Attorney Christopher Boeman for purposes of appeal. The Lake County Juvenile Court purported to grant this motion on September 20, 2016. The order was of no effect, however, as there was no longer a case before the Lake County Juvenile Court upon which it had authority to act. *See, e.g., In re Tyler*, 4th Dist. Pickaway No. 92CA22, 1992 WL 329413, *1 (Oct. 28, 1992).

{¶10} On November 7, 2016, Attorney Boeman filed two notices of appeal with the clerk of the Lake County Juvenile Court. The clerk subsequently transmitted the records from the Lake County Juvenile Court to this court, pursuant to App.R. 10. The records from the Geauga County Court, which would contain all proceedings subsequent to the transfer, are therefore not before this court.

3

**{¶11}** The notices of appeal, assigned case Nos. 2016-L-114 and 2016-L-115, are essentially identical. They both identify the trial court as "Lake & Geauga County Court of Common Pleas, Juvenile Divisions," and they both identify the trial court case number as "15 DL 1878, 16 DL 92 & 16JD321." Attached to both notices of appeal is a copy of the same entry from the Geauga County Court in case No. 16JD321, which was issued on October 7, 2016. The entry is signed by the probate/juvenile judge of Geauga County and enters a disposition as to the delinquent child adjudication on the charge of sexual imposition from Lake County Juvenile Court case No. 16 DL 92. Also attached to both notices of appeal is a copy of the August 23, 2016 entry from the Lake County Juvenile Court overruling the objections to the magistrate's finding on the sexual imposition complaint. There is no entry attached regarding Lake County Juvenile Court case No. 15 DL 1878, nor is there any indication as to the disposition of the disorderly conduct count. The notices of appeal both state:

> Notice is hereby given that [A.J.F.] appeals to the Eleventh District Court of Appeals from the trial court Judgment Entry time-stamped 10/7/2016 at 3:29 PM. Disposition from the Geauga County Court of Common Pleas, Juvenile Division, of a case certified from the Lake County Court of Common Pleas, Juvenile Division. Judgment Entry from Lake County involved the Judge's overruling of the minor child's objections to a finding of 'true' after a trial for Gross [sic] Sexual Imposition by a Magistrate.

Additionally, both notices of appeal include a copy of an October 13, 2016 entry issued by the Geauga County Court, appointing Attorney Boeman to represent appellant for the purposes of appeal in Geauga County case No. 16JD321.

**{¶12}** The only difference between the two notices of appeal is that 2016-L-114 includes a copy of the complaint filed in Lake County under case No. 15 DL 1878, and

4

2016-L-115 includes a copy of the complaint filed in Lake County under case No. 16 DL 92.

{¶13} On December 1, 2016, this court sua sponte consolidated the two appellate cases for purposes of briefing, oral argument, and disposition. It is apparent upon further review that one of these appellate cases should have been dismissed, as they are identical notices attempting to appeal from the same October 7, 2016 entry of the Geauga County Court that entered a disposition on the sexual imposition charge. *See Concord Tp. Trustees v. Hazelwood Builders, Inc.*, 11th Dist. Lake No. 98-L-176, 1998 WL 964507, *2 (Dec. 4, 1998) ("A duplicate appeal is subject to dismissal."); *see also State v. Gibbs*, 11th Dist. Geauga No. 2016-G-0059, 2016-Ohio-2693.

{¶14} It is further apparent that the records before us for review, transmitted from the Lake County Juvenile Court, do not contain a final appealable order, as the cases were transferred to the Geauga County Court following adjudication but prior to disposition. *See In re Sekulich*, 65 Ohio St.2d 13, 14 (1981) (citations omitted) ("It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order.").

{¶15} Certain statutory requirements must be met before the jurisdiction of an appellate court is properly invoked. R.C. 2505.04 provides, in pertinent part: "An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure * * * and no step required to be taken subsequent to the perfection of the appeal is jurisdictional." An appeal as of right is perfected pursuant to Rules 4(A) and 3(A) of Ohio Appellate Procedure, which provide, respectively, that "a party who wishes

5

to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry," and "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."

{¶16} "Filing is accomplished when actual and timely delivery is made to the correct tribunal." *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶38. "The filing of notice of appeal, *in the court from which the appeal is taken*, within the time prescribed by law, is the only jurisdictional step necessary to perfect an appeal and where such notice is not filed within such time the reviewing court is without jurisdiction to consider the appeal." *State ex rel. Curran v. Brookes*, 142 Ohio St. 107 (1943), paragraph seven of the syllabus (emphasis added); *see also State v. Nickles*, 159 Ohio St. 353, 360-361 (1953) and *State v. Sanchez*, 22 Ohio App.2d 145, 146 (3d Dist.1970) (a criminal appeal as of right "is deemed perfected when a notice of appeal is timely filed with the lower court").

{¶17} Here, the Geauga County Court became the trial court as of September 13, 2016, when the case was transferred; nothing remained before the Lake County Juvenile Court upon which it had authority to act. The Geauga County Court issued the final appealable order in this case when it entered a disposition on the sexual imposition charge. According to the copy of the entry attached to the notice of appeal, this occurred on October 7, 2016. The notice of appeal was therefore required to be filed in the Geauga County Court within 30 days thereafter. Although it appears the notice of appeal was filed within the time prescribed by law, it was filed in an incorrect tribunal, i.e., it was not filed in the court from which the appeal was taken. Thus, our appellate jurisdiction was not properly invoked. *Compare Tyler*, *supra*, at *1 (denying jurisdiction where the juvenile

6

erroneously filed a notice of appeal with the county that adjudicated him delinquent rather than the county that entered the final disposition).

{¶18}  We recognize that courts sometimes find an end-around when faced with jurisdictional dilemmas that arise from filing defects.   The Fourth Appellate District accepted a miscaptioned notice of appeal that was file-stamped in the court of appeals, rather than in the trial court, because "the clerk of each court of common pleas serves as the clerk for the court of appeals for all appellate cases originating from courts in that county.  When appellant handed his notice of appeal to the clerk of courts, or one of her deputies, he handed the notice of appeal to a person who serves both as the clerk of the trial court and the clerk of the appellate court." *State v. Hughes*, 4th Dist. Scioto No. 1937, 1991 WL 286053, *2 (Dec. 24, 1991); *see also Perry v. Baskey*, 90 Ohio App. 338, 340 (6th Dist.1951) (similarly accepting a notice of appeal as "filed in the right church but in the wrong pew").   Our court has also accepted appeals as timely filed in identical situations, although our entries have not been published for citation purposes.

{¶19}  The Tenth Appellate District accepted a notice of appeal that was filed in the court of common pleas instead of the probate court in the same county.  The appellate court reasoned that, because "the notice of appeal was clearly labelled as being in the probate division and bore the proper probate division case number, it was a clerical error for the clerk of the general division to file and docket the notice of appeal[.]" *In re Estate of Tague*, 33 Ohio App.3d 142, 143 (10th Dist.1986).

{¶20}  And, in the Supreme Court of New York, the Appellate Division accepted an appeal that was erroneously filed in the improper county, because that clerk subsequently

7

certified the notice of appeal to the clerk of the correct county and the appellee received timely notice. *Sinicropi v. Town of Indian Lake*, 148 A.D.2d 799, 799-800 (1989).

{¶21} Each of these situations is distinguishable from the case sub judice. First, appellate counsel did not file the notice of appeal with this court, as opposed to the trial court, as in *Hughes*. If that had occurred, we could have directed our clerk, whom we share with the Geauga County Court, to refile the notice of appeal in the common pleas court and transmit the Geauga County Court record for our review. Second, the notice of appeal was not accepted for filing by the wrong division of the proper court, as in *Tague*. If that had occurred, we could consider it a clerical error made by the clerk, not a filing error made by counsel. Third, the Lake County Juvenile Court clerk did not discover the error and certify the notice of appeal to the Geauga County Court clerk, as in *Sinicropi*. If that had occurred, the Geauga County Court would have received notice of the appeal, and the record would have been transmitted to this court for our review.

{¶22} Additionally, because we do not have a final appealable order before us—nor do we have a complete record before us—we cannot even attempt to conduct a proper appellate review of this particular case. Upon his review of the Lake County Juvenile Court record, appellate counsel filed a motion for leave to withdraw as appellant's appointed counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

{¶23} As outlined in *Anders*, "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; [and] * * * time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027,

8

2014-Ohio-2695, ¶5, citing *Anders*. The appellate court must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, *supra*, at 744.

{¶24} In his motion to withdraw, appellate counsel contends he "is unable to find any meritorious issue in this record upon which to base an appeal," and he did not propose any arguable assignments of error in support of the appeal. We granted appellant 30 days to file a brief or memorandum that raises any additional arguments in support of the appeal, but appellant did not do so. Therefore, because we do not have the entire record before us, which may include transcripts of the dispositional hearing or others, we cannot conduct a full examination of the proceedings to determine whether the case is wholly frivolous.[1]

{¶25} Finally, the statutory filing requirements are essential not only to put the appellee on notice that an order has been appealed but also to provide such notice to the court that issued the order. *See, e.g.*, *Roberts v. Pleasant Local School Dist. Bd. of Edn.*, 3d Dist. Marion No. 9-11-04, 2011-Ohio-4560, ¶13 (providing that R.C. 2505.04 is a jurisdictional statute, although in the context of an administrative appeal, because it provides notice to the tribunal that an appeal of its decision has been filed). One reason it is crucial for the lower court to receive notice is because "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's

---

1. We note there is current disagreement amongst Ohio appellate districts, and dissent within this court, as to whether the *Anders* procedure is the appropriate approach to take in these circumstances. It is, nevertheless, the precedent of this district and most others in Ohio, to follow the procedure outlined in *Anders*. *See, e.g.*, *State v. Shannon*, 11th Dist. Trumbull No. 2017-T-0012, 2017-Ohio-9344 (O'Toole, J., dissenting); *see generally State v. Wilson*, 4th Dist. Lawrence No. 16CA12, 2017-Ohio-5772.

jurisdiction to reverse, modify, or affirm the judgment appealed from." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶9 (internal citations omitted).

{¶26} The filing error at issue here involved an incorrect tribunal, as opposed to a late filing, thus the Geauga County Court *never* received notice that its final judgment was under review. Even if appellant's sentence was stayed pending appeal (which it does appear occurred from the copy of the entry attached to the notice of appeal), the Geauga County Court was not aware that an appeal had been filed. It is altogether possible that the Geauga County Court lifted the stay and that appellant has served his sentence, thus rendering his appeal, or at least a portion thereof, moot. *See, e.g.*, *In re A.J.*, 1st Dist. Hamilton No. C-140246, 2014-Ohio-5566, ¶5-8 (applying the mootness doctrine to a juvenile delinquent who had served his sentence); *see also In re G.L.L.*, 11th Dist. Geauga Nos. 2014-G-3189 & 2014-G-3190, 2015-Ohio-3539, ¶48. It is simply impossible for this court to glean that information from the record as it stands before us.

{¶27} Although the procedural quagmire within which we find ourselves has caused an unfortunate delay in this case, appellant does have recourse.

{¶28} In certain circumstances, this court has found it necessary and appropriate to take judicial notice of a trial court docket. *See Watkins v. Pough*, 11th Dist. Trumbull No. 2016-T-0100, 2017-Ohio-7026, ¶39; *Hutz v. Gray*, 11th Dist. Trumbull No. 2008-T-0100, 2009-Ohio-3410, ¶40. Upon review of the Geauga County Court docket in case No. 16JD321, it appears this matter was transferred back to the Lake County Juvenile Court on May 24, 2017, due to a change in appellant's residency. Thus, certified copies of all legal and social records pertaining to the Geauga County Court proceedings were to accompany the transfer, and the Lake County Juvenile Court is now required to

proceed, once again, as if the original complaint had been filed in that court. *See* Juv.R. 11; R.C. 2151.271.

{¶29} App.R. 5(A)(1)(b) allows for delayed appeals that originate from delinquency proceedings. An appeal as of right "may be taken by a defendant with leave of the court to which the appeal is taken" "after the expiration of the thirty day period provided by App.R. 4(A)." *Id.* App.R. 5(A)(2) describes the process by which an appellant is to file a motion to obtain such leave, including an instruction to "set forth the reasons for the failure of the appellant to perfect an appeal as of right."

{¶30} The reasons for appellant's failure to perfect his appeal as of right are abundantly clear, as outlined above, none of which can be attributed to the fault of appellant. Therefore, although we have no alternative but to dismiss this matter for the reasons stated herein, appellant may seek leave to file a delayed appeal in the correct tribunal, which is now the Lake County Juvenile Court, if he so desires and if counsel deems it advisable upon his or her review of the record.

{¶31} If counsel determines an appeal should be taken, appellant's motion for a delayed notice of appeal and the notice of appeal should be filed with the clerk of the Lake County Court of Common Pleas, Juvenile Division, in the form prescribed by App.R. 3, as soon as practicable after the date of this memorandum opinion. Pursuant to App.R. 5(A)(2), a copy of such notice of appeal should also be filed in this court. *See also* R.C. 2505.04 ("If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court."); *State v. Fisher*, 46 Ohio App.2d 279 (10th Dist.1975), syllabus.

11

{¶32} At that juncture, this court, based on the unique circumstances of this case, will consider the motion. *See State v. Dench*, 113 Ohio App. 329, 333 (1st Dist.1959) ("The discretion to be exercised upon a motion for leave to appeal would seem to be a broad discretion based on fundamental justice, having regard not only for the appellant but also for the public.").

{¶33} Appeals dismissed.


THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


––––––––––––––––––––––


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶34} I respectfully dissent.

{¶35} The Ohio Supreme Court "has long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice." *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 258 (1982), citing *In re Guardianship of Love*, 19 Ohio St.2d 111, 115 (1969). "'The legislative purpose throughout the act was obviously to liberalize procedure upon appeals and to prevent technicalities from being fatal to substantive rights.'" *Id.*, quoting *Couk v. Ocean Accident & Guar. Corp., Ltd.*, 138 Ohio St. 110, 115 (1941).

{¶36} In that spirit, to avoid further unnecessary delay, and under the unique circumstances caused by the application of Juv.R. 11 in this case, I would accept the appeal assigned Case No. 2016-L-115 as having been timely filed in the correct tribunal. The appeal assigned Case No. 2016-L-114 should be dismissed as a duplicate appeal. *See Concord Tp. Trustees*, *supra*, at *2.

{¶37} It is apparent that appellant's current counsel of record did not review the portion of the record from the Geauga County Court prior to concluding there are no meritorious issues upon which to base an appeal. This writer would therefore grant Attorney Boeman's motion to withdraw, appoint new counsel for purposes of appeal, and temporarily remand for the clerk of courts for the Lake County Court of Common Pleas, Juvenile Division, to certify and retransmit the record, including all legal and social records pertaining to the proceedings that were held in the Geauga County court. Following the retransmission, this writer believes this court should then issue an order outlining an expedited briefing schedule.

{¶38} I respectfully dissent.