[Cite as *State v. Curry*, 2025-Ohio-4524.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0024 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0528 |
| WILLIAM CURRY, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 29, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April Campbell, appointed appellate counsel for Defendant-Appellant, William Curry ("Appellant").  Appellant pled guilty to one count of failure to stop after an accident with a vehicle forfeiture specification.  After filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF CASE AND RELEVANT FACTS

{¶2}   In August 2024, a Muskingum County Grand Jury indicted Appellant with five counts, including aggravated vehicular assault, a felony of the third degree, and failure to stop after an accident, a felony of the fourth degree with a vehicle forfeiture specification. The indictment stemmed from a serious car accident that occurred between two drivers (not Appellant), and Appellant subsequently drove his car into one of the cars

involved in the accident.  Appellant then backed up and blocked traffic.  The police eventually arrived but Appellant left the scene.  According to the State, Appellant left behind lengthy skid marks which led investigators to determine that Appellant was involved in the situation but left the scene.  *Change of Plea Tr.*, pp. 10-11.  Although Appellant initially pled not guilty, negotiations between the State and defense counsel resulted in a plea agreement.  The State agreed to dismiss Count Two - aggravated vehicular assault – and Appellant agreed to plead guilty to Count Five, failure to stop after an accident, with a forfeiture specification, a fourth-degree felony.

{¶3}    The plea agreement included a joint recommendation to impose community control with a forfeiture of the vehicle.  At the change of plea hearing, the trial court engaged in a thorough and complete Crim.R. 11 colloquy with Appellant. The court explained the maximum penalties for each charge, including restitution and other financial sanctions, and discussed post-release control in detail.  Appellant acknowledged he understood the charges, defenses, and potential penalties.  Appellant also stated he was satisfied with his representation and understood that the court is not obligated to follow the joint sentence recommendation.  He further understood and acknowledged the rights he was giving up by entering a guilty plea.  At the conclusion of the Crim.R. 11 colloquy, Appellant entered his guilty plea.  The court determined his plea was knowingly, voluntarily and intelligently made.

{¶4}    At the sentencing hearing, the trial court sentenced Appellant to eleven (11) months in prison and ordered forfeiture of the vehicle.  In addition, Appellant was ordered to pay court costs, and his license was suspended for three years. Appellant was credited with 118 days of jail time credit.

## STANDARD OF REVIEW - *Anders v. California*

**{¶5}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 2013-Ohio-3324, ¶ 4 (1st Dist.). Thus, a defendant's right to appeal does not include a frivolous appeal. *State v. Taylor*, 2015-Ohio-420, ¶ 4 (8th Dist.), citing *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

**{¶6}** The *Anders* procedure is designed for cases in which "counsel finds [the] case to be wholly frivolous, after a conscientious examination" of the record. *Anders* at 744. Accordingly, a comprehensive review of the record is a fundamental first step. "Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibouris*, at ¶ 6. This detailed review must include a complete review of the case, including all transcripts. See *Tsibouris*; *In re A.J.F.*, 2018-Ohio-1208, ¶¶ 22-24 (11th Dist.).

**{¶7}** Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Anders*, at 744. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may

grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} By Judgment Entry filed June 2, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Campbell provided Appellant a copy of the *Anders* brief. In that same Judgment Entry, we informed Appellant he may file a pro se brief in support of the appeal within 60 days from the date of the Entry. Neither the State nor Appellant has filed a brief. The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

{¶9} *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## **POTENTIAL ASSIGNMENT OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED IN ACCEPTING CURRY'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

{¶11} Here, after independently reviewing the entire record, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made. On April 1, 2025, a change of plea hearing was held. The transcript reveals that the parties executed

a Crim.R. 11(F) agreement, Appellant discussed it with counsel, and counsel discussed it with the court at the plea hearing. A written plea form was also signed by all parties. During the change of plea hearing, the State outlined the charges for which the Appellant would plead guilty, and Appellant indicated he understood these charges. The Court presented the maximum potential penalties that could be imposed for each Count and explained restitution, other financial sanctions, and post-release control. Appellant indicated he understood the penalties involved and wished to proceed with his guilty plea.

{¶12} Similarly, the Court fully complied with the constitutional requirements of Crim.R. 11 and more than substantially complied with the non-constitutional requirements. Appellant clearly indicated that he understood the rights he was giving up in exchange for his guilty plea. Appellant was represented by counsel, indicated he was satisfied with his representation, and fully understood that the court did not have to follow the joint sentence recommendation but could impose a sentence it deemed appropriate. The court fully discharged its duties prior to accepting Appellant's guilty plea and finding that Appellant's guilty pleas were knowingly, intelligently, and voluntarily made. As such, there is no non-frivolous issue for appeal regarding Appellant's guilty plea.

{¶13} Similarly, there is no non-frivolous issue for appeal concerning Appellant's sentence. A court reviewing a felony criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. An appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings,

or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Bonnell,* 2014 -Ohio-3177, ¶ 28.

{¶14} Here, the Court imposed a sentence within the statutory parameters. Both the sentencing entry and the hearing transcript indicate the court considered the entire record, the plea recommendation, and the applicable statutory law. Given that the court followed Ohio sentencing law and imposed a sentence supported by the evidence and statutory considerations, there are no non-frivolous issues to present on appeal.

## CONCLUSION

{¶15} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for Appellant is hereby granted. The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶16} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.