[Cite as *State v. Meinert*, 2025-Ohio-5310.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 02 0017 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 22 CRI 10 0550 |
| CASSANDRA MEINERT, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: November 25, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**{¶1}** This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April Campbell, appointed appellate counsel for Defendant-Appellant, Cassandra Meinert.  After timely filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

**STATEMENT OF FACTS AND CASE**

**{¶2}** In May 2022, the Delaware County Grand Jury indicted Defendant-Appellant Cassandra Meinert ("Appellant") for passing a bad check, a fifth-degree felony. On May 1, 2023, Appellant pled guilty to the offense, but because mental illness was a

potential factor in her commission of the offense, Appellant sought intervention in lieu of conviction.

{¶3}    R.C. 2951.041(A)(1) provides for intervention in lieu of conviction ("ILC") and is an alternative for offenders charged with eligible low-level felonies if mental illness or addiction was a factor leading to the offense(s).   The offender must request the intervention and if accepted, the trial court imposes specific conditions that the offender must comply with for the duration of ILC.  If the offender fails to comply with the stated conditions, the trial court may revoke same.

{¶4}    Here, there is no genuine dispute that Appellant suffers from mental health concerns.  As such, on May 1, 2023, the trial court granted Appellant's request for ILC and imposed 17 conditions for completing same.  One such condition, condition number 10, states that Appellant must participate in and successfully complete <u>any</u> counseling program or programs as deemed appropriate by the probation officer.  Specifically, the trial court ordered:

> The Defendant must participate in and successfully complete any counseling program or programs as deemed appropriate by the Probation Officer, at such place or places as directed by the Probation Officer and for such period as directed by the Probation Officer.

{¶5}    In October of 2024, the State moved to terminate Appellant's ILC, stating that she had violated three separate terms imposed by the trial court. The State withdrew two of the alleged violations and proceeded only on condition 10, stated above.  Appellant responded by arguing that she had in fact completed all the terms of ILC and if not, there were reasons why she could not do so, namely (1) a skin condition/disease that made it difficult for her to attend an assessment, and (2) continued trauma due to abuse she endured as a child.

**{¶6}** On January 27, 2025, the trial court held a hearing on the State's motion to terminate. Appellant was present at the hearing and was represented by counsel. The State's evidence included testimony from Appellant's Probation Officer, Holly Ratliff ("PO Ratliff"). PO Ratliff testified that she directed Appellant obtain an assessment to see if she was eligible for the mental health docket, because she felt Appellant needed a higher level of care. She stated: "I believed that a higher level of care was necessary once she got a new strangulation charge in Franklin County." *Motion Hearing Tr.,* at pp.14-15. Appellant did not show up for the assessment and did not participate. *Id.* Thereafter, PO Ratliff directed Appellant to complete an intensive outpatient treatment program ("IOP").

**{¶7}** Appellant did get an assessment at one point, and it did not recommend IOP for Appellant. However, PO Ratliff did not trust the quality or genuineness of that recommendation because Appellant specifically told PO Ratliff that she has done those assessments so many times, she knew how to answer the questions. *Id.* at 17. Thus, despite the recommendation, PO Ratliff directed Appellant to in fact participate in an IOP program. Appellant did not comply. Appellant claimed she did not comply because of her skin disease. Appellant provided PO Ratliff with doctors' notes regarding the skin condition; but those notes did not state she was *unable* to complete the IOP due to the condition.

**{¶8}** Regardless of the varying reasons, PO Ratliff directed Appellant to complete IOP, and she did not. As a result, the Honorable Judge Gormley expressly found that Appellant violated her ILC plan and explained that this was not "a successful outcome." *Motion Hearing Tr.,* p. 58. The court revoked Appellant's intervention, found

Appellant guilty, and imposed eighteen months of community control sanctions, which were the same terms and conditions for ILC. *Id*.

{¶9} Attorney Campbell timely filed a notice of appeal but later filed the instant brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and a corresponding Motion to Withdraw. The Motion to Withdraw and *Anders* Brief state that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Campbell requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## STANDARD OF REVIEW

{¶10} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 2013-Ohio-3324, ¶ 4 (1st Dist.). Thus, a defendant's right to appeal does not include a frivolous appeal. *State v. Taylor*, 2015-Ohio-420, ¶ 4 (8th Dist.), citing *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

{¶11} The *Anders* procedure is designed for cases in which "counsel finds [the] case to be wholly frivolous, after a conscientious examination" of the record. *Anders*, at 744. Accordingly, a comprehensive review of the record is a fundamental first step.

"Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibouris*, at ¶ 6. This detailed review must include a complete review of the case, including all transcripts. See *Tsibouris*; *In re A.J.F.*, 2018-Ohio-1208, ¶¶ 22-24 (11th Dist.).

{¶12} Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Anders,* at 744. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶13} By Judgment Entry filed July 11, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Campbell provided Appellant a copy of the *Anders* brief. In that same Judgment Entry, we informed Appellant she may file a pro se brief in support of the appeal within 60 days from the date of the Entry. On September 24, 2025, the State filed its Response. After being notified that Appellant had a new address, on September 25, 2025, this Court issued a second Judgment Entry providing Appellant an additional 20 days to file a response. Appellant has not filed anything to date.

{¶14} The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that:

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## POTENTIAL ASSIGNMENT OF ERROR

**{¶15}** "I.   THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT [APPELLANT] VIOLATED TERM TEN OF HER INTERVENTION, AND IN REVOKING HER INTERVENTION."

## ANALYSIS

**{¶16}**  As stated, R.C. 2951.041(A)(1) provides for "ILC," a procedure by which the trial court stays all criminal proceedings, orders the offender to comply with the terms and conditions of a specifically tailored "intervention plan," and places the offender under the general control and supervision of the county probation department or another comparable agency during the duration of the intervention plan.  *State v. Trimpe*, 2019-Ohio-3017, ¶ 1 (6th Dist.).

R.C. 2951.041 provides as follows:

(A)(1) If an offender is charged with a criminal offense * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged or that, at

the time of committing that offense, the offender had a mental illness * * * and that the mental illness, * * * was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.

* * *

(D) If the court grants an offender's request for intervention in lieu of conviction, all of the following apply:

(1) The court shall place the offender under the general control and supervision of one of the following, as if the offender was subject to a community control sanction imposed under section 2929.15, 2929.18, or 2929.25 of the Revised Code:

(a) The county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists;

* * *

(F) If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may continue the offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with

additional terms, conditions, and sanctions, including placing the offender under the general control and supervision of a community-based correctional facility, or enter a finding of guilty and impose an appropriate sanction under Chapter 2929 of the Revised Code.

**{¶17}** In accordance with the statutory framework, if the offender fails to comply with any of the terms and conditions of the intervention plan it has three options: it may (1) continue the offender on intervention in lieu of conviction, (2) continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, or (3) enter a finding of guilty and impose an appropriate sanction under R.C. Chapter 2929. *Trimpe*, ¶ 18.

**{¶18}** The statute gives the trial court "broad discretion" in determining the appropriate sanction for violating the terms of the intervention plan. *State v. Taylor*, 2019-Ohio-1287, ¶ 4. Thus, appellate courts review a trial court's termination of intervention in lieu of conviction for an abuse of discretion. *Trimpe*, ¶ 16. "An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *State v. Thompson*, 2017-Ohio-792, ¶ 11 (3d Dist.). An appellate court may not merely substitute its judgment for that of the trial court. *Id.*

**{¶19}** Here, the trial court held a complete hearing and considered the evidence provided. The testimony demonstrated that PO Ratliff determined Appellant needed to complete an IOP program for mental health after new charges were filed against her. Although those charges were ultimately dismissed, PO Ratliff's standing order remained. Appellant did not enter any program and did not provide documentation that in fact

excused her from participating in such a program. An express condition in Appellant's ILC plan states Appellant "must participate in and successfully complete any counseling program or programs as deemed appropriate by the Probation Officer." Due to her failure to comply with PO Ratliff, Appellant violated the terms of her ILC.

**{¶20}** The court exercised its discretion, terminated Appellant's ILC, and made a finding of guilt based upon the guilty plea entered on May 1, 2023. However, because the trial court understood Appellant's unfortunate circumstances, it did not impose prison or jail time but rather placed Appellant on community control with the same terms and conditions she had on ILC. The court stated as follows:

> Well, I've been at this for about 18 months here. I'm not sure I can say this is a successful outcome. So, I'm not willing to just terminate the intervention period successfully as the defense has asked.
>
> I am also not satisfied that it's a case that ought to remain in the intervention status. So, I will make a finding of guilty on the check charge and now impose a community control sentence. * * * While under supervision, Miss Meinert should comply with the requirements that were imposed as part of the intervention program.
>
> I won't impose jail days or time at the community based correctional facility. I understand that Miss Meinert has had these physical and mental health problems. I'm not unsympathetic to all of that, but I'm just not comfortable just flailing along here with intervention any longer. But no other consequences at this point.
>
> *ILC Hearing Tr.* at pp. 58-59.

**{¶21}**  There is simply no evidence that the trial court's decision was unreasonable, arbitrary, or capricious to support a finding that the trial court abused its discretion.  To the contrary, the trial court held a complete hearing, heard arguments from counsel, heard from Appellant herself, and determined that ILC was not proving effective.  As a result, Appellant's potential assignment of error is without merit.

## CONCLUSION

**{¶22}**  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We therefore find the appeal to be wholly frivolous under *Anders.*  Attorney Campbell's motion to withdraw as counsel for Appellant is hereby granted.  The judgment of the Delaware County Court of Common Pleas is affirmed.

**{¶23}**  Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.